FLETCHER, Judge.
The State of Florida seeks to reverse an order vacating the judgment of conviction and sentence of Julio A. Morales. We reverse.
In February of 1989, Morales pleaded guilty to possession of cocaine. Morales subsequently moved to withdraw his plea and to vacate the conviction, but because he was not under present threat of deportation, the motion was withdrawn. Morales then voluntarily advised the INS that he was amenable to deportation. The INS issued a Notice to Appear [NTA], after which Morales renewed his motion to withdraw plea and vacate conviction, now that he was presently “under threat” of deportation. At the evidentiary hearing on Morales’ renewed motion, the court heard testimony of Robert Sheldon, an immigration law specialist who indicated that the NTA provided two grounds for Morales’s deportation — the guilty plea and his undocumented status. Sheldon testified that, of those two grounds, the guilty plea was the only viable reason for deportation, as Morales’ undocumented status could be remedied under the Cuban Adjustment Act. At the hearing’s conclusion the trial court granted Morales’ motion to vacate his conviction and sentence.
The record reflects that Morales applied for permanent residency which was denied because of the 1989 conviction. It is evident from testimony that Morales, a Cuban national, was not in fact amenable to deportation but was attempting to obtain permanent resident status by using the NTA as a means to obtain a favorable ruling on his motion to vacate his conviction. Testimony indicated it is highly speculative as to whether the INS would have actually instituted an action against Morales had he not requested such proceedings himself. Volunteering for deportation does not establish the requisite prejudice (from failure to advise of the immigration consequences of one’s plea) and “threat” of deportation necessary to trigger Peart and its progeny. See Peart v. State, 756 So.2d 42 (Fla.2000). In this case the prejudice and threat was created by Morales and does not stem from the circumstances surrounding his prior plea.
Reversed and remanded.